24CA1530 Peo in Interest of KS 02-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1530
Archuleta County District Court No. 23JV30012
Honorable A. Nathaniel Baca, Judge

The People of the State of Colorado,

Appellee,

In the Interest of K.S. and T.B., Children,

and Concerning N.S.,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE TAUBMAN*
Román, C.J., and Graham*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

KDO, LLC, Jeffrey C. Koy, Lauren Dingboom, Jordan Oates, Englewood, Colorado, for Appellee

Josie L. Burt, Guardian Ad Litem

Andrew A. Gargano, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this dependency and neglect action, N.S. (father) appeals the default judgment adjudicating K.S. and T.B. (the children) dependent and neglected.  Because "[n]ot being present at the trial is not an act of default" as contemplated under C.R.C.P. 55, we reverse the judgment and remand for further proceedings.  *See People in Interest of K.J.B.*, 2014 COA 168, ¶ 13, 342 P.3d 597, 600. (citation omitted).

## I.     Background

¶ 2     The Archuleta County Department of Human Services moved to take the children — then one and three years old — into emergency protective custody, alleging concerns that the children's needs were not being met because of mother's substance dependence.  Father was appointed counsel before the emergency shelter hearing.  The Department then filed a petition in dependency and neglect.

¶ 3     At the advisement, father's counsel asked the juvenile court to set the matter for an adjudicatory jury trial.  Due to scheduling issues, father's counsel was released, and a second counsel was appointed.

¶ 4     Father appeared with his second counsel at a series of "admit/deny" hearings set by the court.  However, father did not appear with counsel at the fourth admit/deny hearing, held almost four months after the shelter hearing.  At that hearing, father's second counsel reported on negotiations with the Department for a deferred adjudication and then asked to be permitted to withdraw as father's counsel.

¶ 5     The juvenile court sua sponte entered a default judgment against father and gave the Department the option to either enter a default adjudication or continue the adjudication pursuant to section 19-3-505(5), C.R.S. 2024.[1]  The Department later submitted, and the court signed, an order adjudicating the children based on father's failure to appear at the admit/deny hearing.  After finding that father was in default, the juvenile court granted father's second counsel's request to withdraw.

---

[1] C.R.C.P. 55(b)(1) provides that "a party entitled to a judgment by default shall apply to the court therefor."  No party applied to the juvenile court for a default judgment in this case; instead, the court entered the default at a non-noticed hearing unprompted.  However, because no party raises this discrepancy on appeal, the question of whether such an action is permitted by the Colorado Rules of Civil Procedure is not currently before us.

¶ 6     Two weeks later, the juvenile court held a dispositional hearing for father.  Neither father nor counsel appeared at the hearing, and the court adopted a treatment plan for father.  The notice deadline for father's second counsel's withdrawal motion was the next day.

¶ 7     One month later, the juvenile court appointed father a third counsel.  With the assistance of counsel, father filed for appropriate relief from the adjudicatory judgment pursuant to C.R.C.P. 60(b)(3), which the juvenile court denied.

## II.     Default Adjudication

¶ 8     Father contends that the juvenile court erred by denying his motion to set aside the default adjudication because he was represented by counsel when the court entered the default adjudication and a default is not authorized for his nonappearance alone.  We agree.[2]

---

[2] Father also contends that the default judgement was entered in error because the hearing was not properly noticed as an adjudicatory hearing.  We cannot find anything in the record that would suggest that the hearing in question would be treated as an adjudicatory hearing.  However, because we determine the court erred by entering the default whether the hearing was properly noticed or not, we decline to address this contention.

¶ 9    The Colorado Children's Code does not independently "authorize entry of a default judgment against a parent for failing to appear at the adjudicatory hearing." *K.J.B.*, ¶ 25, 342 P.3d at 601. Generally, however, a default judgment may be entered when a party "has failed to plead or otherwise defend." C.R.C.P. 55. While it is unclear what a failure "to plead or otherwise defend" means in juvenile cases where responsive pleadings are not required, divisions of this court have recognized that a parent may "actively litigate" a case by appearing at hearings, denying the allegations of the petition, requesting a trial, and participating in hearings through counsel. *K.J.B.*, ¶ 15, 342 P.3d at 600.

¶ 10    In any event, a parent's "nonappearance at trial alone does not constitute a failure to 'otherwise defend' permitting entry of a default judgment under C.R.C.P. 55." *Id.* at ¶ 13 (citation omitted). In such a circumstance, the court may receive evidence in a parent's absence and render judgment on the merits, but it may not enter a default adjudication. *Id.* at ¶ 14.

¶ 11    The Department and the child's guardian ad litem contend that the default judgment was justified because he failed to actively

litigate in addition to his failure to appear at trial. We are not convinced.

¶ 12 The juvenile court listed only father's nonappearance as support for the default adjudication. The court's adjudicatory order stated "that [f]ather has failed to appear and he is in default. Adjudication by default is appropriate and in the best interests of the children." The court did not make any finding, either in the adjudicatory order or the order denying father's motion to set aside the default judgment, that father failed to actively litigate the adjudication.

¶ 13 Furthermore, the record does not suggest that father failed to "plead or defend" as contemplated by C.R.C.P. 55. *See K.J.B.*, ¶ 15, 342 P.3d at 600. Father requested a jury trial and appeared at each hearing before the final admit/deny hearing. Importantly, although father did not personally appear, he was represented by counsel through the conclusion of the hearing at which the juvenile court entered a default judgment against him.

¶ 14 Given these circumstances, we conclude that the juvenile court erred by entering a default adjudicatory judgment against father. Accordingly, we reverse the juvenile court's judgment

adjudicating the children dependent and neglected as to father and remand the matter for a trial.

## III. Father's Other Contentions

¶ 15　　Because we reverse the juvenile court's judgment, we need not address father's other contentions, including that his dispositional order was also erroneously entered by default and that he received ineffective assistance of counsel.

## IV. Disposition

¶ 16　　The default judgment is reversed. The dispositional order is also vacated. *See id.* at ¶ 34.

¶ 17　　The case is remanded to the juvenile court for an adjudicatory trial.

CHIEF JUDGE ROMÁN and JUDGE GRAHAM concur.